UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-20880-CR-GAYLES

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | : |
| JULIEANN PINDER, | : |
| Defendant. | |
| _____/ | |

**DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE FROM THE ADVISORY GUIDELINE RANGE**

Defendant, Julieann Pinder, submits this sentencing memorandum to assist this Honorable Court in determining the reasonable and just sentence for Ms. Pinder.

**INTRODUCTION**

1. The Defendant, Julieann Pinder, pursuant to Rule 32 of the Federal Rules of Criminal Procedure, *United States v. Booker*, 125 S.Ct.738 (2005), and the additional authorities set forth in the incorporated memorandum of law, submits this memorandum to assist the Court at Ms. Pinder's sentencing hearing. This case is presently set for a Sentencing Hearing on November 13, 2019 at 10:30 a.m.

2. The Defendant was found guilty of one count of making a False Statement in an Application for a Passport.

3. Undersigned counsel respectfully requests this Honorable Court to sentence the Defendant to a sentence not including a term of incarceration. The Defendant respectfully petitions this

Honorable Court to vary below the Sentencing Guidelines and to consider the Defendant's significant contributions to society, her mother and aunt's serious health issues, age and lack of any criminal record and to impose a term of punishment that does not include incarceration.

4.  <u>Pre-Sentence Investigation Report:</u>  Undersigned counsel and Ms. Pinder have reviewed the

pre-sentence investigation report and concur with the Offense Level Computation. Based on the total offense level of 14 and a criminal history category of I, the sentencing guideline imprisonment range is 15 to 21 months.

5.  <u>Mitigating Factors under 18 U.S.C. §3553</u>:

As this Court is aware, after *Booker*, 125 S. Ct. 738 (2005), district courts are now free from the mandatory nature of the federal sentencing guidelines. In addition, subsequent Supreme Court decisions have emphasized that district courts are only required to give "some weight" to the advisory guidelines, as courts are to the other 18 US § 3553 factors, and any attempt to give special weight to the sentencing guidelines is contrary to *Booker*. See *Gall v. United States*, 128 S. Ct. (2007); *Kimbrough v. United States*, 128 S. Ct. 558 (2007); *United States v. McBride*, 511 F. 3d 1293 (11th Cir. 2007).

Furthermore, a sentencing court may not even presume that a sentence within the applicable guideline range is reasonable: "the Guidelines are not only, not mandatory on sentencing courts, they are also not presumed to be reasonable." *Nelson v. United States*, 129 S. Ct. 890 (2009); *Rita v. United States*, 551 U.S. 338 (2007). The fundamental premise of the federal sentencing scheme is that "the court shall impose a sentence sufficient, but not greater than necessary," to comply with

the purpose of 18 U.S.C. §3553. The Court, therefore, now has considerable flexibility in determining the appropriate, "reasonable" sentence for the individual defendant.

Under 18 U.S.C. §3553, the Court is required, in relevant part, to impose a sentence sufficient, but not greater than necessary to comply with purposes set forth in paragraph (2) when considering the following factors in addition to the sentencing range established by the guidelines: the nature and circumstances of the offense, and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner; the kinds of sentences available, any pertinent policy statement; and the need to avoid unwarranted. sentencing disparities among defendants with similar records.

A.  <u>The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant</u>:

The Defendant is 62 years of age and has no previous contacts with the criminal justice system. She resides in Miami, Florida with her husband of 30 years, Princey Pinder. Mr. Pinder is currently employed by the Florida Highway Patrol and serves as a staff sergeant in the Army Reserves. He has done tours of duty in Iraq and Afghanistan with the 841st Engineer Battalion.

The Defendant is the sole caretaker for her 82 year-old mother, Rose Marietta Bowe. Ms. Bowe's son, Preston resides in Dania Beach while her daughter, Cherese is a traveling nurse who spends most of her time working in Modesto, California. Ms. Bowe suffers from several medical

issues including Parkinson's, gout, renal and heart failure. She is dependent on Ms. Pinder to take her to doctor's appointments, buy groceries and to do many tasks at her home. The Defendant has been there to help her through all of these issues and is worried that if she is incarcerated, she will not be able to assist her mother.

Ms. Pinder is also the primary caretaker for her elderly aunt, Ruby Collins. Ms. Pinder travels to Cutler Bay two to three times a week to help Ms. Collins. Ms. Pinder purchases groceries, prepares meals, changes bandages and assists in bathing Ms. Collins. Ms. Collins has no children or other family members to help care for her. Ms. Collins has breast cancer and has had a mastectomy. Her doctors have recommended chemotherapy, but Ms. Pinder and Ms. Collins decided to postpone the treatment until after sentencing.

In 1985, Ms. Pinder founded Baruch Christian Fellowship Ministries "Baruch" located in Miami, Florida. Baruch is not only a church, but has a bible college and a training facility for other pastors. Baruch maintains Destiny Image Review Network which is a network that mentors ex-offenders and juveniles who have already entered the criminal justice system. Baruch offers a radio broadcast called the Healing Streams of Grace and an outreach center called A Place Called Miracles. Ms. Pinder has been a spiritual leader of the Black community for decades and is well-respected by all her colleagues and parishioners. Ms. Pinder supervises eight other churches inside and outside of the United States.

Acting a pastor, Ms. Pinder has traveled the world extensively, not only preaching, but also performing tremendous acts of community service. Ms. Pinder has participated in the digging of wells and building of structures in underprivileged countries such as Ghana, India and the

Phillippines. She has also traveled to China, Spain Germany, Holland, Amsterdam, Great Britain, Switzerland, France Belgium and Canada as a pastor to preach the gospel. Ms. Pinder has on numerous occasion provided hurricane supplies organized through the church to the Bahamas on more than one occasion to assist in relief efforts. Through her church, she purchased an ambulance for Andros, Bahamas as the province did not have one on the island. *Please see booklets delivered to your chambers, Photos Vol. 1 and 2.*

Despite her modest upbringing and strained familial relationships, Ms. Pinder did all she could do to promote her own education. She attended approximately eight educational institutions in religious studies. She used this educational background to found and continue the operation of Baruch. Despite her busy schedule, Ms. Pinder received certifications by programs such as Guardian ad Litem and Hospice. *Please see booklet delivered to your chambers, Awards and Accomplishments.*

In determining an appropriate sentence, the Defendant requests that the Court consider certain mitigating factors as they pertain to the purpose of 18 U.S.C. §3553. The Defendant requests that the Court consider her age when tailoring her punishment and submits that supervised release or any sentence that does not include incarceration will be equally as efficient and certainly less costly than incarceration.

"First-time offenders who have committed their crime after the age of 50 are likely to have problems adjusting to prison since they are new to the environment, which will cause underlying stress and probable stress-related health problems. Furthermore, they are "easy prey for more experienced predatory inmates." *See https://s3amazonws.com/static.nicic.gov/Library/018735.pdf.*

The Defendant requests that the Court consider the support of family, friends and colleagues in considering a downward variance. In *United States v. Martin*, 520 F.3d 87 (1st Cir. 2008), the court affirmed a 91-month variance down from the guideline range based in part on the support that the defendant stood to receive from his family. *In Gall v. United States*, 128 S. Ct. (2007), the court imposed a probationary sentence to a defendant facing 30-37 months after pleading guilty to a drug trafficking charge. The district court, took into account several factors-including age, voluntary withdrawal from the charged conspiracy, familial support, and apparent pre-indictment rehabilitation-eschewed hard time. *Id. at 593.* As will be evidenced by the statements made by her family, friends and colleagues at the sentencing hearing, the Defendant has the love and support of many people which will assist her in dealing with and overcoming the stigma of her arrest, plea, conviction and sentence. The Defendant has attached numerous letters of support from family, friends and colleagues. *Please see booklet delivered to your chambers, Character Letters.*

B.   The Need for the Sentence Imposed:

Supervised release or any sentence that does not include confinement will adequately reflect the seriousness of the offense, promote respect for the law and provide adequate punishment for the offense committed by the Defendant. While jury convicted Ms. Pinder for the offense for which she was charged, the PSR indicates that she used the passport to help and support others across the globe. The arrest, plea, felony conviction, subsequent punishment, possible immigration consequences and inability to travel has and will continue to have a significant deterrent effect on the Defendant and certainly dissuade her from committing any further criminal acts. It is well-established that there is a lower recidivism rate for older defendants. A report from the U.S.

Sentencing Commission, *Measuring Recidivism: Criminal History Computation of the Federal Sentencing Guidelines*. http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2004/200405_Recidivism_Criminal_History.pdf states the following, "Recidivism rates decline relatively consistently as age increases. Generally, the younger the offender, the more likely the offender will commit another offense. Among all offenders under age 21, the recidivism rate is 35.5 percent, while offenders over age 50 have a recidivism rate of 9.5 percent."

C.     To Afford Adequate Deterrence to Criminal Conduct:

The arrest, plea, felony conviction, subsequent punishment, possible immigration consequences and inability to travel has and will continue to have a significant deterrent effect on the Defendant and certainly dissuade her from committing any further criminal acts. Under 18 U.S.C. §3553(6), the Court in determining the particular sentence to be imposed, shall consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Preston Bowe received credit time served followed by supervised release after being held in pre-trial detention for eight months. While Ms. Pinder has performed remarkable things for our community and communities around the world, Mr. Bowe is a multiple time convicted drug trafficker. While brother and sister and raised in the same household, they each took different paths in their lives which should inure to the benefit of Ms. Pinder and allow her to avoid incarceration.

D.     To Protect the Public from Further Crimes of the Defendant:

Ms. Pinder has no prior criminal history and based on her life history and the ramifications

of this conviction, it is almost assured that she will never engage in further criminal conduct.

## CONCLUSION

The Defendant is 62 years of age, has no prior criminal records and served local and foreign communities for decades. Undersigned counsel respectfully urges this Honorable Court to impose a sentence that does not include incarceration.

                                              Respectfully submitted,

                                              By:   /s/ David M. Trontz
                                              David M Trontz, Esq.
                                              Florida Bar No. 948111
                                              3250 Mary Street, Suite 406
                                              Coconut Grove, FL 33133
                                              Phone:   (305) 444-0030
                                              Fax No.: (305) 444-0039
                                              Email: trontz@dmt-law.com

## CERTIFICATE OF SERVICE

I certify that, on November 6, 2019, I filed copy of the foregoing document, and served a copy upon counsel of record, via CM/ECF.

                                              Respectfully submitted,

                                              By:   /s/ David M. Trontz
                                              David M. Trontz, Esq.
                                              Counsel for Julieann Pinder -
                                              Florida Bar No. 948111
                                              3250 Mary Street, Suite 406
                                              Coconut Grove, Florida 33133
                                              Phone:   (305) 444-0030
                                              Fax No.: (305) 444-0039
                                              Email: trontz@dmt-law.com